UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT RICKS,<br><br>        Plaintiff,<br><br>    v.<br><br>M. VOONG,<br><br>        Defendant. | Case No. 18-cv-01069-JD<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 4, 9, 11 |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint that was removed from state court by defendant. Defendant has filed a motion to dismiss along with the notice of removal. The motion to dismiss is denied without prejudice and instead the Court will conduct a screening of the complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that defendant interfered with his inmate appeals which prevented him from properly filing a civil case. Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis*, 518 U.S. at 350-55. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *See id*. at 354-55. Furthermore, there is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

Plaintiff states that by improperly denying his inmate appeals, defendant prevented him from filing his court case for over a year. However, plaintiff has failed to describe the nature of the court case he filed and that he suffered an actual injury. The complaint is dismissed with leave to amend to provide more information. Plaintiff must describe the state court case he filed and to proceed with a denial of the right to access the courts it must be a non-frivolous claim concerning his conviction or conditions of confinement. Plaintiff must also demonstrate an actual injury. It appears that while the case may have been filed late it still proceeds in state court and was within

2

the statute of limitations.  To the extent plaintiff challenges the denial of his grievances, that claim is dismissed pursuant to the legal standard set forth above.  While plaintiff objects to the removal of this case and states he did not file an action pursuant to 42 U.S.C. § 1983, it is clear that he is bringing this action as a violation of the First Amendment of the United States Constitution.  If plaintiff wishes for this case to be remanded to state court he must inform this Court that he disavows any and all federal claims which will be dismissed with prejudice.

**CONCLUSION**

1. Defendant's motion to dismiss (Docket No. 4) is **DENIED** without prejudice.  The motion may be refiled at a future date if the Court determines this action can proceed.  Plaintiff's motion to remand case (Docket Nos. 9, 11) is **DENIED** without prejudice.

2. The complaint is **DISMISSED** with leave to amend or to inform that Court that he wishes to dismiss with prejudice all federal claims.  The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of this case.

3. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June 21, 2018

JAMES DONATO
United States District Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT RICKS,<br><br>    Plaintiff,<br><br>v.<br><br>M. VOONG,<br><br>    Defendant. | Case No. 18-cv-01069-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 21, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Scott Ricks ID: V-35068
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050

Dated: June 21, 2018

                                                Susan Y. Soong
                                                Clerk, United States District Court

                                                By: *Lisa R. Clark*
                                                LISA R. CLARK, Deputy Clerk to the
                                                Honorable JAMES DONATO